## PORTSMOUTH CLAY PRODUCTS CO. v RUSSELL

Ohio Appeals, 4th Dist, Scioto Co

Decided April 24, 1931

Messrs. McLaughlin & Staker, Portsmouth, for plaintiff in error.

Messrs. N. B. Gilliland & Geo. W. Shep-

pard, Portsmouth, for defendant in error.

BLOSSER, J.

The record does not show whether or not there was an open market for the plaintiff's sand or the general market value thereof if there was such a market. If there was a general market for the sand and the vendee refused to accept it the measure of damages in such case would be the difference between the contract price and its market value. But this case is not to be governed by that rule. The sand in question was to be specially produced for the use of the defendant, and the plaintiff claims that he incurred certain expenses in producing the same. Under the claim of the plaintiff he would be entitled to recover his loss of profits. The measure of damages is the contract price less what it would have cost the plaintiff to have completed his part of the contract. This is the rule laid down in the case of **City of Toledo v Libbie, 19 O. C. C. 705**, where it is said:

"In an action by a contractor against a city for damages for having prevented such contractor from performing or completing his contract the plaintiff would be entitled to recover the difference between the contract price and what it would have actually cost to have completed the contract."

The same rule is laid down in 41 A. L. R. 201 in this language:

"In an action for breach of contract to purchase supplies to be used for advertising, where the supplies were to be manufactured by the seller, recovery may be had for the profit which would have accrued to him by the completion of the contract."

The court charged the jury so as to permit a recovery by the plaintiff for loss of services. This was error. This was not an action for a breach of contract for the performance of personal services but was an action for the breach of contract for the refusal to accept and pay for the sandstone. In determining the profits which the plaintiff expected to make the time which he would require in producing the sand and making the delivery would be one of the

elements to be taken into consideration, but he would not be entitled to extra compensation for his time. So also any other item of expense necessarily incurred by him in the production of the sand could be taken into consideration in estimating his probable profits.

The plaintiff urges that even if the fourth cause of action can not be maintained that as the jury returned its verdict for but $900 that finding should be up held on the theory that it was allowed by the jury on the first cause of action. This position is not tenable for the reason that the verdict of the jury was general and in a lump sum. There is nothing in the verdict to indicate upon which cause of action it made its finding. There is but one cause of action in this case and the plaintiff is responsible for the confusion caused by attempting to plead four causes of action.

For the errors above referred to the judgment of the trial court is reversed and the case remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, and MIDDLETON, J, concur.